

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-76,324-02

EX PARTE STEVEN LYNN LONG, Applicant

ON APPLICATION FOR WRIT OF HABEAS CORPUS
CAUSE NO. W05-52918-R(B) IN THE 265th JUDICIAL DISTRICT COURT
DALLAS COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion. KELLER, P.J., and
SLAUGHTER, J., dissent.

## O P I N I O N

This is subsequent application for a writ of habeas corpus filed pursuant to the

provisions of Texas Code of Criminal Procedure Article 11.071, Section 5.[1]

In October 2006, a jury found Applicant guilty of murdering his eleven-year-old

neighbor in the course of committing or attempting to commit aggravated sexual assault

in May 2005. Applicant was convicted of capital murder. *See* TEX. PENAL CODE

---

[1] Unless otherwise indicated, all references in this opinion to Articles refer to the Texas
Code of Criminal Procedure.

§ 19.03(a)(2).  Based on the jury's answers to the statutory punishment questions set out in Article 37.071, the trial court sentenced Applicant to death. This Court affirmed Applicant's conviction and sentence on direct appeal. *Long v. State*, No. AP-75,539 (Tex. Crim. App. April 8, 2009)(not designated for publication).  Applicant thereafter filed in the trial court his initial post-conviction application for a writ of habeas corpus raising three claims, including a claim that he is intellectually disabled and ineligible for execution. *See Atkins v. Virginia*, 536 U.S. 304 (2002).  This Court denied Applicant relief on the claims raised in his initial writ application. *Ex parte Long,* No. WR-76,324-01 (Tex. Crim. App. March 7, 2012)(not designated for publication).

In March 2017, the United States Supreme Court issued its decision in *Moore v. Texas*, 137 S. Ct. 1039, 1044 (2017)(*Moore I*).  In August 2017, Applicant filed in the trial court this subsequent application for a writ of habeas corpus, again asserting that he is intellectually disabled and ineligible for the death penalty.  In June 2018, we determined that this claim satisfied the requirements of Article 11.071, Section 5, and we remanded the application to the trial court for a review on the merits. *Ex parte Long*, No. WR-76,324-02 (Tex. Crim. App. June 27, 2018)(not designated for publication).  The United States Supreme Court thereafter decided *Moore v. Texas*, 139 S. Ct. 666 (2019) (*Moore II*).

The trial court held an evidentiary hearing on this subsequent application in March 2020.  At the hearing, State expert witness Dr. Jed Falkowski essentially stated that he did

not have sufficient evidence to determine that Applicant was intellectually disabled. However, the State continued to investigate the claim and employed a new expert, Dr. Kristi Compton. Compton reviewed materials pertaining to Applicant's claim and concluded in a July 2020 report that there was "more data to support an [intellectual disability] diagnosis than not[.]" The trial court, however, signed findings of fact and conclusions of law in March 2021, recommending that relief be denied.

Compton also evaluated Applicant in person in concluded in a March 2021 report that he is intellectually disabled. The parties thereafter jointly moved the trial court to reopen the evidentiary hearing. On March 30, 2021, the trial court denied the parties' motion, refused the State's request to withdraw Falkowski's prior testimony, and declined to consider the proffer of new evidence from Compton. The parties also filed joint motions in this Court asking us to stay the proceedings so they could supplement the record with Compton's July 2020 and March 2021 reports. On June 9, 2021, we stayed the proceedings in this Court pending the filing of Compton's reports in the trial court. We left the decision to the trial court whether to reopen the evidentiary hearing to allow any testimony from Compton. We also upheld the trial court's ruling disallowing the withdrawal of Falkowski's testimony.

Without reopening the evidentiary hearing, the trial court issued new findings of fact and conclusions of law on January 26, 2022. The trial court recommended that relief be granted because Applicant meets the criteria for intellectual disability and is ineligible

for the death penalty. The trial court specifically concluded that Applicant "has sub-average intellectual functioning as indicated by an IQ score approximately two standard deviations below the mean, he has significant deficits in one or more domains of adaptive functioning, and the onset of both his deficits in intellectual and adaptive functioning occurred during the developmental period."

We agree that Applicant has shown that he is a person with intellectual disability under *Atkins* and *Moore I* and *II*. Based upon the trial court's findings and conclusions and our own review, we grant relief by reforming Applicant's sentence of death to a sentence of life imprisonment.

IT IS SO ORDERED THIS THE 28th DAY OF JUNE, 2023.

Do Not Publish